IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FREDDIE GLENN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 1:20-cv-986-ECM |
| | ) (WO) |
| SHELBY R. RICE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Report and Recommendation of the Magistrate Judge (doc. 26) which recommends that the Defendants' motions to dismiss (docs. 19 and 24) be granted, and this case be dismissed. On January 7, 2022, the Plaintiff filed Objections to the Recommendation (doc. 28).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review. *See Stokes v. Singletary,* 952 F.2d 1567, 1576 (11th Cir. 1992) ("[w]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to

conduct a *de novo* review of the record with respect to that factual issue.") (quoting *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir. 1988)).

The Court first addresses the Plaintiff's objection to the Magistrate Judge's finding that his claims are barred by the statute of limitations. In the operative complaint, Glenn asserts that the accident that forms the basis of his complaints occurred on November 19, 2018. He further asserts that he "requested for the correction of the accident report, and on and about 11/30/2018 up to 12/15/2018, Defendants failed to provide Glenn with a proper investigation, and refused to correct the wrongs done by Officer Rice." (Doc. 17 at 2, para. 6). The Magistrate Judge determined that "any claims for relief arising from action that occurred prior to December 2, 2018 (two years prior to the filing of the initial Complaint) is barred by the two-year period of limitations applicable to 42 U.S.C. § 1983 actions filed in this Court." (Doc. 26 at 8).

The Plaintiff does not dispute that the applicable statute of limitations for a § 1983 claim in Alabama is two years. The statute of limitations begins to run "when the plaintiff knows or has reason to know that he has been injured." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). Therefore, the statute began to run when Glenn knew or had reason to know that the Defendants failed to conduct an appropriate investigation, at the time of the accident and creation of the accident report. To the extent that the Plaintiff asserts that the "wrongs done were submitted on and within the two year limitation period," his conclusory assertion is insufficient to establish any acts occurred within the limitations period. Even using the *de* novo standard of review, Glenn's objection on this basis is due to be overruled.

The Court now turns to the remainder of the Plaintiff's objections. The Plaintiff makes conclusory assertions that he is entitled to relief against the Defendants and offers a recitation of the claims made in his amended complaint but he does not point to any legal error committed by the Magistrate Judge. The Plaintiff's general objections do not merit *de novo* review. However, the Court has carefully reviewed the Recommendation of the Magistrate Judge, and the Plaintiff's objections, and the Court finds that the Plaintiff's objections are due to be overruled.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows:

1. the Defendant's objections (doc. 28) are OVERRULED;

2. the Recommendation of the Magistrate Judge (doc. 26) is ADOPTED;

3. the Defendants' motions to dismiss (docs. 19 and 24) are GRANTED; and

4. this case is DISMISSED with prejudice.

DONE this 12th day of January, 2022.

    /s/   Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE